IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of | ) |
| | ) No. 72927-6-I |
| BRUCE EDWARD EKLUND, | ) |
| | ) DIVISION ONE |
| Respondent, | ) |
| | ) |
| and | ) |
| | ) UNPUBLISHED OPINION |
| ELISIA MARIE DALLUGE EKLUND, | ) |
| | ) FILED: January 11, 2016 |
| Appellant. | ) |
| | ) |

BECKER, J. — Because the appellant has not provided an adequate record for review, she is not entitled to relief on appeal. We therefore affirm.

Elisia Dalluge Eklund is the mother of two children for whom the trial court ordered a parenting plan some years ago. Acting pro se, the mother is appealing an order denying her petition to modify the parenting plan and an order denying reconsideration. A commissioner of this court determined by ruling entered on March 16, 2015, that her appeal is timely as to those orders, but not as to other orders mentioned in her appeal.

The mother took steps to file a narrative report of proceedings rather than a verbatim report. A commissioner of this court determined that the narrative report did not appear to be fair and accurate and ruled that it would not be

included in the record unless approved by the trial court. Because the mother did not obtain the trial court's approval of the narrative report of proceedings, the commissioner determined by ruling entered June 15, 2015, that the appeal would go forward with the clerk's papers supplying the only record for review.

The clerk's papers show that on November 21, 2014, the court considered the mother's petition to modify the parenting plan. In an order entered on that date, the court found that the mother had not shown adequate cause for an evidentiary hearing. The record does not include the mother's petition to the trial court, the father's responsive materials, or the mother's reply. The order itemizes the materials presented to and considered by the trial court. Those materials have not been provided for our review.

The mother's opening brief does not contain assignments of error. It presents arguments that the mother summarizes as follows:

> 1. The trial court engaged in an abuse of discretion by lack of evidence.
> 2. The trial court violated Supreme Laws when issuing an inappropriate Protection Order.
> 3. The trial court violated Supreme Laws when issuing an inappropriate bond.
> 4. The trial court violated Supreme Laws when allowing the mothers Due Process Rights to be disregarded.
> 5. The trial court did not keep their word for family reunification after all requirements were met and there is no reason why.
> 6. According to Gideon I should have been given an attorney and other costs at public expense.

The party seeking review has the burden of perfecting the record so that this court has before it all of the evidence relevant to the issues raised. Olmsted v. Mulder, 72 Wn. App. 169, 183, 863 P.2d 1355 (1993), review denied, 123 Wn.2d 1025 (1994). We cannot reach the merits of appellant's arguments

2

because she has failed to provide us with a sufficient record from the trial court.

Indeed, it is not even clear that these arguments were raised in the trial court.

See In re Marriage of Haugh, 58 Wn. App. 1, 6, 790 P.2d 1266 (1990).

Affirmed.

Becker, J.

WE CONCUR:

Cox, J.